**07 CV 4811**

JUDGE CEDARBAUM

William R. Fried, Esq. (WF 2106)
John Oleske, Esq. (JO 0995)
HERRICK, FEINSTEIN LLP
Attorneys for Plaintiff
2 Park Avenue
New York, NY 10016
(212) 592-1400

JUN 0 6 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

SHA LI,                                                          :
                                                                      :    Civ. No. _____
                                           Plaintiff,        :
                                                                      :    **VERIFIED COMPLAINT**
          -against-                                          :
                                                                      :    Jury Trial Demanded
NORMAN MOORE, KARAN SINGH, and A.C.T.   :
INTERNATIONAL APPAREL GROUP, INC.,          :
                                                                      :
                                           Defendants.    :

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

          Plaintiff Sha Li, by her attorneys, Herrick, Feinstein LLP, as and for her

Complaint against Defendants Norman Moore, Karan Singh, and A.C.T. International Apparel

Group, Inc, alleges as follows:

### Introduction

          1.          In this action, Plaintiff seeks to recover the damages she has suffered as a

result of Defendants Norman Moore ("Moore") and Karan Singh's ("Singh") hijacking and

incipient destruction of A.C.T. International Apparel Group, Inc. ("ACT."), the business Ms. Li

founded and sacrificed over a decade to nurture and develop.

          2.          Moore and Singh have excluded Plaintiff from participation in the

business she created, terminated her salary without any right or justification, and brought the

business to the precipice of failure.  In violation of New York State and federal anti-

discrimination statutes, Moore and Singh have also subjected Plaintiff to a barrage of racist slurs denigrating her Chinese ancestry in the workplace.

3.      Singh, although at first (upon information and belief) only a passive and negligent observer of Moore's wrongdoing, has more recently joined in Mr. Moore's campaign against Plaintiff with full force.   In addition to consenting to Moore's actions in excluding Plaintiff from the business, Singh has joined with Moore in shutting down ACT's Florida warehouse, which is essential to its operations.  More disturbingly, Singh, with the connivance of Moore, misappropriated Plaintiff's Zip Drive computer storage device, which contained confidential and proprietary information concerning transactions in interstate commerce, in violation of the federal criminal computer fraud statute, 18 U.S.C. § 1030.

4.      Plaintiff seeks this Court's protection from any further criminal or civil wrongdoing by Moore and Singh, and for money damages to compensate her for their previous betrayals and misdeeds.

## Jurisdiction and Venue

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00.

6.      This Court also has jurisdiction  pursuant to 28 U.S.C. § 1331, because defendants' violation of 18 U.S.C. § 1030 presents a federal question.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, because plaintiff's principal place of business is located in this district.

## Parties

8.     Sha Li is a resident of New Jersey, with her address at 24 Warren Street, Plainsboro, New Jersey 08536.

9.     Upon information and belief, Norman Moore is a resident of Florida, with his address at 11451 Fallow Deer Court, Fort Myers, Florida 33966.

10.     Upon information and belief Karan Singh is a resident of New York, with his address at 31 Amber Lane, Oyster Bay, New York 11771.

11.     A.C.T. International Apparel Group, Inc. ("ACT") is a New Jersey corporation with offices in New York City, New York.

## Background

12.     In 1994, Plaintiff and Moore founded ACT, with each owning 50% of the company. ACT imports lingerie from China, sells the majority of those imports wholesale for resale as private-label merchandise by major U.S. retailers, and sells a small portion of the imports at retail through a store it operates in Florida.

13.     Until approximately 2006, ACT was a profitable enterprise, and the relationship between Plaintiff and Moore was amicable and productive. However, it became clear at some point in 2006 that ACT would not be able to meet its costs for that year, and that the future of the business was in peril. The relationship between Plaintiff and Moore began to deteriorate in parallel to the decline of the business, and Mr. Moore began to take unauthorized action on behalf of the company, to the specific detriment of Plaintiff.

14.     In early 2007, despite their worsening relationship and Moore's improper actions, Plaintiff and Moore agreed that the company needed an infusion of capital, and they subsequently secured an agreement by Singh to purchase a one-third share in ACT for a capital

3

contribution of $300,000. Mr. Singh was concomitantly made a director and the President of ACT.

## **Defendants' Campaign of Oppression and Wrongdoing**

15.    Beginning in or about December 2006, Moore caused ACT to take the following actions to the detriment of ACT and Ms. Li:

- Forged Plaintiff's name on checks beyond any authority granted to him;

- Fired ACT's production team;

- Stopped paying salary and providing benefits to Plaintiff;

- Refused to reimburse Plaintiff for out-of-pocket business expenses;

- Demanded repayment of sums from ACT's supplier, despite the fact that ACT was not owed anything by the supplier, and failed to make payments due and owing to the supplier, risking the relationship between ACT and the supplier;

- Fired ACT's New York showroom staff;

- Broadcast confidential ACT information to customers and third parties;

- Made outrageous, racist statements to Plaintiff denigrating her Chinese ancestry as well as Asian people and anti-female statements;

- Physically intimidated and threatened Plaintiff in front of other employees;

- Sold company property, including a truck at below market, without Ms. Li's consent.

16.    In or about March 2007, Moore individually, and on behalf of ACT, -- in violation of the express terms of the ACT shareholders agreement -- served a summons and complaint against Plaintiff in New Jersey Superior Court, alleging, incredibly, that Plaintiff had somehow damaged him and ACT. Upon information and belief, Moore filed this lawsuit purely as a pre-emptive measure, knowing that Plaintiff would eventually be compelled to sue him for his misdeeds, and Singh for his silence and/or complicity in them.

17.    Since the time of that lawsuit, Singh has actively joined in Moore's campaign of wrongdoing. Upon information and belief, in or about May 2007, Singh removed a Zip Drive computer storage device from Plaintiff's workstation at ACT's offices. The device contained invaluable personal, proprietary, and confidential information belonging to Plaintiff and/or ACT. When confronted about the missing Zip Drive, Singh, without apology, advised Plaintiff that he had "sold the device for $50". The Zip Drive has since been returned although Plaintiff has not yet determined if any information is missing. In addition, Singh and Moore changed the locks on ACT's New York office in May 2007, without providing Plaintiff with a copy.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

18.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "17" above.

19.    The agreement between and among Plaintiff, Moore, and Singh relating to control of ACT and executive compensation and benefits was a valid and binding agreement.

20.    Plaintiff has performed all of her obligations under the parties' agreement.

21.    By excluding Plaintiff from corporate decision-making, and by cutting off Plaintiff's salary and benefits, and refusing to reimburse Plaintiff for out-of-pocket business expenses, Moore and Singh have breached the parties' agreement, destroyed the business of ACT and damaged Plaintiff.

22.    Moore and Singh are jointly liable to Plaintiff in an amount to be determined at trial, but no less than $500,000.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

23.    Plaintff repeats and realleges each and every allegation set forth in paragraphs "1" through "22" above.

24.    The agreement between and among Plaintiff, Moore, and Singh relating to control of ACT and executive compensation and benefits was a valid and binding agreement.

25.    Plaintiff has performed all of her obligations under the parties' agreement.

26.    By excluding Plaintiff from corporate decision-making, and by cutting off Plaintiff's salary and benefits,  Moore and Singh have breached the parties' agreement, and damaged Plaintiff.

27.    Plaintiff seeks a declaration stating that she is legally entitled to continued compensation and control over ACT as provided for under the parties agreement, plus attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Injunction)

28.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "27" above.

29.     The agreement between and among Plaintiff, Moore, and Singh relating to control of ACT and executive compensation and benefits was a valid and binding agreement.

30.     Plaintiff has performed all of her obligations under the parties' agreement.

31.     By continuing to exclude Plaintiff from corporate decision-making, and by continuing to deprive Plaintiff of salary and benefits, Moore and Singh are continuing to breach the parties' agreement, threatening future damage to Plaintiff.

32.     Plaintiff seeks an injunction compelling Moore and Singh to restore to Plaintiff her executive powers and to cause ACT to pay Plaintiff's salary and benefits in accordance with the parties' agreement.


## FOURTH CLAIM FOR RELIEF
### (Violation of 18 U.S.C. § 1030)

33.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "32" above.

34.     Plaintiff's Zip Drive computer storage device is a "protected computer" within the meaning of 18 U.S.C. § 1030.

35.     Singh's wrongful misappropriation of Plaintiff's protected computer constituted "access" to that computer within the meaning of 18 U.S.C. § 1030.

36.     Plaintiff has sustained damages as a result of Singh's actions.

37.     Plaintiff is entitled to recover damages from Singh pursuant to 18 U.S.C. § 1030, in an amount to be determined at trial, but no less than $100,000.

7

## FIFTH CLAIM FOR RELIEF
### (Violation of N.Y. Executive Law § 296)

38.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "37" above.

39.    Moore's pattern and practice of threats, racial slurs and defamatory attacks on Plaintiff based on her Chinese and Asian ancestry and anti-female comments have created a hostile work environment and constitute an "unlawful discriminatory practice" pursuant to New York Executive Law § 296.

40.    Plaintiff is entitled to recover damages from Moore and ACT due to said unlawful discriminatory practices, in an amount to be determined at trial, but believed to be no less than $500,000.

## SIXTH CLAIM FOR RELIEF
### (Accounting)

41.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "40" above.

42.    Upon information and belief, Moore has damaged ACT and Plaintiff by misappropriating and diverting corporate funds.

43.    As a result of the actions of Moore and Singh, Plaintiff has no access to the books and records of ACT and is without knowledge as to the extent of Moore's misappropriation and diversion of corporate funds.

44.    Plaintiff lacks an adequate remedy at law.

WHEREFORE, plaintiff Sha Li demands that judgment be entered against defendants Norman Moore, Karan Singh, and A.C.T. International Apparel Group, as follows:

A. On the First Claim for Relief, compensatory damages in an amount to be determined at trial, but no less than $500,000.00; and;

B. On the Second Claim for Relief, a declaration stating that that she is legally entitled to continued compensation and control over ACT as provided for under the parties agreement, plus attorneys' fees;

C. On the Third Claim for Relief, an injunction compelling Mr. Moore and Mr. Singh to restore to Ms. Li her executive powers and to cause ACT to pay Ms. Li's salary and benefits in accordance with the parties' agreement;

D. On the Fourth Claim for Relief, compensatory damages from Mr. Singh pursuant to 18 U.S.C. § 1030, in an amount to be determined at trial, but no less than $100,000;

E. On the Fifth Claim for Relief, compensatory damages from ACT in an amount to be determined at trial, but no less than $500,000;

F. On the Sixth Claim for Relief, directing Defendants to account for all transactions of ACT, including all payments to Moore and Singh; and

G. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 5, 2007

HERRICK, FEINSTEIN LLP

By:_____
     William Fried (WF 2106)
     John Oleske (JO 0995)
Attorneys for Plaintiff Sha Li
2 Park Avenue
New York, New York  10016
(212) 592-1400

9

## **VERIFICATION**

STATE OF NEW YORK    )
                        )ss.:
COUNTY OF NEW YORK  )

        SHA LI, being duly sworn, deposes and says:

        I am Plaintiff in this action. I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                          _____
                                              SHA LI

Sworn to before me this
5 th day of June, 2007

_____
    Notary Public

WILLIAM R. FRIED
Notary Public, State of New York
No. 4942337
Qualified in Westchester County
Commission Expires Sep. 19, 2010