UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

SHA LI,                                              :       Judge Cedarbaum
                                                     :
                       Plaintiff,                    :       Civil No. 07 CV 4811
                                                     :
       v.                                            :       **VERIFIED ANSWER,**
                                                     :       **COUNTERCLAIMS**
NORMAN MOORE, KARAN SINGH, and A.C.T.                :       **AND CROSS CLAIMS**
INTERNATIONAL APPAREL GROUP, INC.,                   :       **OF NORMAN MOORE**
                                                     :
                       Defendants.                   :

------------------------------------------------------------------ X

       Norman Moore ("Answering Defendant"), by his attorneys, Lazarus and Lazarus, P.C.,

answering the Verified Complaint (the "Complaint") of Plaintiff, Sha Li ("Plaintiff"), as for his

Verified Answer, Counterclaims and Cross Claims, respectfully sets forth, represents and alleges:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the paragraph of the Complaint marked and numbered 1, except refers to the

Complaint for the nature and kind thereof, and, without limitation, denies any act, conduct, or

omission on Answering Defendant's part giving rise to any liability, claim or cause of action to or

for the benefit of Plaintiff.

       2.      As to Answering Defendant, denies each and every allegation set forth in the

paragraph of the Complaint marked and numbered 2, and as to the allegations thereof as to

Co-Defendant Karan Singh (the "Co-Defendant"), denies knowledge or information sufficient to

form a belief as to the truth thereof.

       3.      As to Answering Defendant, denies each and every allegation set forth in the

paragraph of the Complaint marked and numbered 3, and as to the allegations thereof as to

Co-Defendant, denies knowledge or information sufficient to form a belief as to the truth thereof.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 4, except refers to the Complaint for the nature and kind thereof, and, without limitation, denies any act, conduct, or omission on Answering Defendant's part giving rise to any liability, claim or cause of action to or for the benefit of Plaintiff.

5.      Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 5 by referring to the laws rules and statutes referenced therein for the content thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations thereof, except admits that Answering Defendant is a resident of Florida, and further admits that the Complaint seeks monetary relief in excess of $75,000.00, except further avers that the Complaint fails to properly allege diversity between the parties.

6.      Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 6 by referring to the laws rules and statutes referenced therein for the content thereof, except, as to Answering Defendant, denies any act, conduct, or omission on Answering Defendant's part giving rise to any liability, claim or cause of action to or for the benefit of Plaintiff, and denies knowledge or information sufficient to form a belief as to the acts, conduct or omissions of the Co-Defendant, or Defendant A.C.T. International Apparel Group, Inc. (the "Corporate Defendant") in connection with the allegations of said paragraph.

7.      Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 8.

9.    Admits the allegations set forth in the paragraph of the Complaint marked and numbered 9.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 10.

11.    Admits the allegations set forth in the paragraph of the Complaint marked and numbered 11.

12.    Admits, generally, the allegations set forth in the paragraph of the Complaint marked and numbered 12, with a full reservation of right as to such admission to amend, supplement and detail the allegations thereof at such and in such event the particulars thereof, as opposed to the generalities pleaded, become relevant herein.

13.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 13, except admits that, until recently the Corporate Defendant was profitable and the relationship between Plaintiff and Defendant was amicable and productive, with a full reservation of right as to such admission to amend, supplement and detail the allegations thereof at such and in such event the particulars thereof, as opposed to the generalities pleaded, become relevant herein.

14.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 14, except refers to the Stock Purchase Agreement, Shareholders Agreement, and Unanimous Written Consent of Shareholders and Directors, each dated March 12, 2007 for the best evidence of the terms, conditions and content thereof, except denies any act, conduct or omission on Answering Defendant's part giving rise to any liability, claim or cause of action to or for the benefit of Plaintiff.

15.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 15.

16. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 16, except refers to Answering Defendant's pleadings in the New Jersey Superior Court proceedings for the contents thereof.

17. As to Answering Defendant denies each and every allegation of paragraph 17 of the Complaint, except, as to the Co-Defendant, denies knowledge or information.

18. Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 18 as hereinbefore alleged herein.

19. Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 19 by referring to the "agreement" referenced therein for the content thereof, except denies so much of the allegation of the said paragraph as sets forth a conclusion of law as to which Answering Defendant need not plead.

20. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 20.

21. As to Answering Defendant, denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 21, except as to the Co-Defendant, denies knowledge or information.

22. As to Answering Defendant, denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 22, except as to the Co-Defendant, denies knowledge or information.

23. Pleads to each and every allegation set forth in the paragraph in the paragraph of the Complaint marked and numbered 23 as hereinbefore alleged herein.

24. Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 24 by referring to the "agreement" referenced therein for the content thereof,

except denies so much of the allegation of the said paragraph as sets forth a conclusion of law as to which Answering Defendant need not plead.

25.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 25.

26.    As to Answering Defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 26, except as to the Co-Defendant, denies knowledge or information.

27.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 27.

28.    Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 28 as hereinbefore alleged herein.

29.    Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 29 by referring to the "agreement" referenced therein for the content thereof, except denies so much of the allegation of the said paragraph as sets forth a conclusion of law as to which Answering Defendant need not plead.

30.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 30.

31.    As to Answering Defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 31, except as to the Co-Defendant, denies knowledge or information.

32.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 32 to the extent that said paragraph purports to set forth a claim against Answering Defendant , except as to the Co-Defendant, denies knowledge or information.

33.    Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 33 as hereinbefore alleged herein.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 34.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 35.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 36.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 37.

38.    Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 38 as hereinbefore alleged herein.

39.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 39.

40.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 40.

41.    Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 41 as hereinbefore alleged herein.

42.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 42.

43.    As to Answering Defendant, denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 43, except as to Co-Defendant, denies knowledge or information.

44.    Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 44.

### As and For a First Affirmative Defense

45.    The Complaint fails to state a claim upon which relief can be granted.

### As and For a Second Affirmative Defense

46.    This Court lacks subject matter jurisdiction over the causes of action set forth in the Complaint against Answering Defendant herein.

### As and For a Third Affirmative Defense

47.    There is a prior action pending by and between Answering Defendant and Plaintiff.

### As and For a Fourth Affirmative Defense

48.    Plaintiff's claims against Answering Defendant are barred by her own breaches of the Agreement upon which the claims are asserted.

### As and For a Fifth Affirmative Defense

49.    Plaintiff's claims against Answering Defendant are barred by the inequitable conduct of Plaintiff towards said Answering Defendant.

### As and For a Sixth Affirmative Defense and Counterclaim

50.    Answering Defendant repeats and realleges each and every prior allegation hereof as if set forth at length herein.

51.    This Court has jurisdiction over this Counterclaim by reason of the diversity of citizenship by and between Answering Defendant and Plaintiff in that Answering Defendant is a citizen of the State of Florida, and Plaintiff, upon information and belief, is a citizen of a State other than the State of Florida, i.e., upon information and belief, the State of New Jersey and the amount in controversy exclusive of interests and costs exceeds $75,000.00.

52.    Alternatively, this Court has jurisdiction over this Counterclaim because it is a compulsory counterclaim.

53.    Venue in this District is proper in that a substantial part of the events or omissions giving rise to the claim occurred within this District or because this Counterclaim is a compulsory Counterclaim which Answering Defendant is required to assert herein.

54.    Annexed hereto, made a part hereof, and incorporated by reference herein, is a copy of the Verified Complaint filed by Answering Defendant in the Superior Court of New Jersey Law Division, Middlesex County having Docket No. L-2808-07 (the New Jersey Complaint).

55.    The New Jersey Complaint sets forth, and by this Counterclaim, Answering Defendant repeats and realleges:

56.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 1 of the New Jersey Complaint which alleges "On or about November 22, 1994 A.C.T. International Apparel Group Inc. (hereinafter referred to as the "Corporation") filed a Certificate of Incorporation with the State of New Jersey."

57.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 2 of the New Jersey Complaint which alleges "At all relevant times herein, Plaintiff Norman Moore and Defendant Sha Li have each been owners of fifty percent of the capital stock of the Corporation."

58.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 3 of the New Jersey Complaint which alleges "The Corporation has been in the business of importing lingerie from China and selling the same to retailers in the United States."

59.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 4 of the New Jersey Complaint which alleges "Prior to August of 2005, the Corporation

availed itself of the services of Dalian Associates in China as the export company to obtain merchandise from the manufacturer and arrange to ship the same to the United States."

60.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 5 of the New Jersey Complaint which alleges "On or about August 2005, the Corporation switched export companies. The Corporation stopped doing business with Dalian Associates and began using Defendant Lingerie International Co., Ltd. hereinafter referred to as "Lingerie" to act as the export company for the Corporation. Defendant Lingerie is owned and operated by Defendant Sha Li's sister Lina."

61.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 6 of the New Jersey Complaint which alleges "Defendant Lingerie had an agreement with the Corporation to charge the corporation the actual cost of the merchandise. In contravention of this agreement, Defendant Lingerie overcharged the Corporation for the merchandise which had purchased."

62.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 7 of the New Jersey Complaint which alleges "Defendant Lingerie had an agreement with the Corporation to charge the Corporation the actual cost of freight. In contravention of this agreement, Defendant Lingerie overcharged the Corporation for freight."

63.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 8 of the New Jersey Complaint which alleges "Defendant Lingerie had an agreement with the Corporation to pay the Corporation a percentage of rebates received by Defendant Lingerie from the Government of China. In contravention of this agreement, Defendant Lingerie failed to pay any of said rebates to Corporation."

64.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 9 of the New Jersey Complaint which alleges "As a result of the foregoing, the Corporation encountered cash flow problems."

65.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 10 of the New Jersey Complaint which alleges "On December 1, 2006 the Defendant Sha Li called the Plaintiff Norman Moore and told him that unless a $60,000.00 payment was made to Defendant Lingerie, merchandise which was in the possession of Defendant Lingerie and manufactured for Lane Bryant, a customer of the Corporation would not be shipped."

66.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 11 of the New Jersey Complaint which alleges "The Corporation employed the Defendant Lauren Jia Tan (a/k/a Lauren Tan). The said Defendant is the niece of the Defendant Sha Li and the daughter of Defendant's sister Lina who owns and operates Defendant Lingerie in China."

67.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 12 of the New Jersey Complaint which alleges "On December 4, 2006 Plaintiff learned that Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) had cleaned out their offices and left the Corporation without any warning."

68.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 13 of the New Jersey Complaint which alleges "On December 12, 2006 Defendant Sha Li's sister in China sent an email to Lane Bryant as attached hereto as Exhibit A."

69.    Answering Defendant repeats, realleges and incorporates by reference herein paragraph 14 of the New Jersey Complaint which alleges "Defendant Lingerie did not have the email address of Lane Bryant. That information was provided to Defendant Lingerie International by either or both of the Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan)."

70.      Answering Defendant repeats, realleges and incorporates by reference herein paragraph 15 of the New Jersey Complaint which alleges "On December 12, 2006 an email was sent to customers of the Corporation. A copy of said email is attached hereto as Exhibit B. The email indicated that said Defendant Lauren Jia Tan (a/k/a Lauren Tan) is now an employee of the Defendant Lingerie."

71.      Answering Defendant repeats, realleges and incorporates by reference herein paragraph 16 of the New Jersey Complaint which alleges "Defendant Lingerie conspired with Defendant Sha Li to cause the business of the Corporation to fail."

72.      Answering Defendant repeats, realleges and incorporates by reference herein paragraph 17 of the New Jersey Complaint which alleges "Defendant Lingerie entered into improper competition with the Corporation."

73.      Plaintiff's conduct as set forth in the New Jersey Complaint is ongoing and constitutes a breach and violation of Plaintiff's duties and obligations owed to Answering Defendant under and pursuant to the March 12th, 2007 Shareholders Agreement, including the duties of good faith and fair dealing in every contract, and the duty and obligation owed to Answering Defendant herein not to compete with the Corporate Defendant herein.

74.      By reason of the aforesaid, Answering Defendant has been damaged in an amount as of yet undetermined but in any event not less the $1,000,000.00.

75.      By reason of the aforesaid, Answering Defendant requests judgment against Plaintiff on Answering Defendant's Counterclaim, together with interest, costs and attorneys fees as allowed by law.

## As and For a First Cross Claim against Co-defendant

76.     Answering Defendant repeats and realleges each and every prior allegation hereof as if set forth at length herein.

77.     This Court has jurisdiction over these Cross Claims by reason of the diversity of citizenship by and between Answering Defendant and Co-defendant in that Answering Defendant is a citizen of the State of Florida, and Co-defendant, upon information and belief, is a citizen of a State other than the State of Florida, *i.e.*, upon information and belief, the State of New York and the amount in controversy exclusive of interests and costs exceeds $75,000.00.

78.     Venue in this District is proper in that a substantial part of the events or omissions giving rise to the claim occurred within this District.

79.     In that event that Answering Defendant is liable to Plaintiff herein on any cause of action asserted by Plaintiff against Answering Defendant, than Co-Defendant is responsible in whole for the said liability as said liability will be the direct and proximate result of the active and affirmative conduct on the part of the Co-Defendant.

80.     As a result thereof Answering Defendant is entitled to complete indemnification by said Co-Defendant, and for any sum or sums for which he may be adjudicated liable to Plaintiff, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

## As and For a Second Cross Claim against Co-defendant

81.     Answering Defendant repeats and realleges each and every prior allegation hereof as if set forth at length herein.

82.     An actual controversy has arisen between Answering Defendant and Co-Defendant, and each of them, with respect to the rights, obligations and duties of the parties, with Answering Defendant contending that as to Plaintiff's causes of action, and otherwise, he is without fault,

responsibility or blame for any of the damages which the plaintiff may have suffered. If there is any liability to Plaintiff, the acts and conduct giving rise to such liability were committed by Co-Defnedant and not Answering Defendant, and, accordingly, Answering Defendant contents that he is entitled to indemnity from the Co-Defendant; upon information and belief, Co-Defendant will and does content to the contrary.

### As and For a Third Cross Claim against Co-defendant

83.    Answering Defendant repeats and realleges each and every prior allegation hereof as if set forth at length herein.

84.    Co-defendant is a signatory to the March 12, 2007 Shareholders Agreement, and by virture thereof owes and owed to Answering Defendant the express duties set forth therein, together with implied obligations of good faith and fair dealing.

85.    In breach thereof, and without limitation:

(a)    Co-defendant entered into the March 12, 2007 Shareholders Agreement wherein, inter alia, Co-defendant agreed to loan the Corporate Defendant $200,000 dollars, but Co-defendant wrongfully failed and refused to make the $200,000.

(b)    In May of 2007 Co-defendant willfully, wrongfully and or negligently allowed the Corporate Defendant's employees health insurance to have a temporary lapse which such lapse could have been devastating to Answering Defendant in that Answering Defendant is gravely ill and can not otherwise be insured.  Upon information and belief, Co-defendant did same for the purpose, among others, of harassing, intimidating and threatening Answering Defendant.  While the health insurance was reinstated, Co-defendant has since allowed it to again lapse, and Answering Defendant has had to absorb the cost.

(c)     In May of 2007, Co-defendant withheld Plaintiff and Answering Defendant salaries, despite the express terms and conditions of the Shareholders Agreement.

(d)     In June of 2007, Co-defendant withheld payroll from all Corporate Defendant's employees.

(e)     In June of 2007 Co-defendant breached agreements with the Corporate Defendant's China exporter by refusing to make payments pursuant to agreements thereby damaging the business and opportunities of the Corporate Defendant.

(f)     In June 2007 by reason of the Co-defendant's conduct, Plaintiff formally resigned from from the Corporate Defendant.

(g)     The Co-defendant willfully, wrongfully, and/or negligently caused the communications systems of the Corporate Defendant to lapse, thereby at critical times restricting and/or eliminating the Corporate Defendant's internet and/or telephone services, which such lapses caused irreparable damage to the Corporate Defendant.

(h)     By fax dated July 9th, 2007 wrongfully purported to terminate the employment of Answering Defendant

(i)     On July 10th, 2007 Co-defendant wrongfully locked Answering Defendant from the Corporate Defendants offices.

86.     By reason of the aforesaid, Co-defendant has breached his agreement with Answering Defendant.

87.     By reason of said breach, Answering Defendant has been damaged in the sum of not less than $1,000,000.00

WHEREFORE, defendant Norman Moore demands judgment dismissing Complaint together with costs and attorneys' fees, together with judgment on his counterclaims and on his first, second

and third cross claims, with interest, costs and attorneys' fees, together with such other and further

relief as to this Court may deem just and proper.

Dated: New York, New York
       July 12, 2007

LAZARUS & LAZARUS, P.C.

By_____
       Harlan M. Lazarus (HML 0268)
Attorneys for Defendant
Norman Moore
240 Madison Avenue
New York, New York 10016
(212) 889-7400

# EXHIBIT A

**SAPIRO & GOTTLIEB**
ATTORNEYS AT LAW
ONE AUER COURT
EAST BRUNSWICK, N.J. 08816
(732) 613-8000
ATTORNEYS FOR PLAINTIFFS

---

PLAINTIFFS

NORMAN MOORE individually and on
Behalf of A.C.T. INTERNATIONAL
APPAREL GROUP INC., a New Jersey
Corporation

              vs.

DEFENDANTS

SHA LI and LAUREN JIA TAN
(a/k/a LAUREN TAN) and LINGERIE
INTERNATIONAL CO., LTD.

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION
: MIDDLESEX COUNTY
:
: DOCKET NO. L-2808-07
:
: CIVIL ACTION
:
: SUMMONS
:
:
:
:

**From the State of New Jersey**
**To the Defendant(s) named above:   SHA LI**

    The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

    If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.



If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: May 8, 2007

/s/ DONALD F. PHELAN
DONALD F. PHELAN
Clerk of the Superior Court

Name of Defendant to be served: SHA LI
Address for Service:                A.C.T. INTERNATIONAL APPAREL GROUP INC.
                                    180 MADISON AVENUE, 20TH FLOOR
                                    NEW YORK, NEW YORK 10016

* $105.00 OR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES

## DEPUTY CLERKS ADDRESSES

Atlantic County, 1201 Bacharach Boulevard, Atlantic City, N.J. 08330
Bergen County, Justice Center, 10 Main Street, Hackensack, N.J. 07601
Burlington County Courts Facility, 49 Rancocas Road, Mt. Holly, N.J. 08060
Camden County Hall of Justice, 101 S. 5th Street, Camden, N.J. 08103-4001
Cape May County Courthouse, Main Street Cape, May Courthouse, N.J. 08210
Cumberland County Court House, Broad & Fayette Street, Bridgeton, N.J. 08302
Essex County Courts Building, 50 W. Market Street, Newark, N.J. 07102
Gloucester County Court House, 1 N. Broad Street, Woodbury, N.J. 08096
Hudson County Administration Building, 595 Newark Avenue, Jersey City, N.J. 07306
Hunterdon County Court House, Main Street, Flemington, N.J. 08822
Mercer County Court House, P.O. Box 8068, Trenton, N.J. 08650-0068
Middlesex County Court House, 1 Kennedy Square, New Brunswick, N.J. 08903
Monmouth County Court House, 71 Monument Park, Freehold, N.J. 07728
Morris County Court House, P.O. Box 900, Morristown, N.J. 07963-0900
Ocean County Court House, 118 Washington Street, Toms River, N.J. 08754
Passaic County Court House, 77 Hamilton Street, Paterson, N.J. 07505-2017
Salem County Court House, 92 Market Street, Salem, N.J. 08079
Somerset County Court House, P.O. Box 3000, Somerville, N.J. 08876-1262
Sussex County Court House, 43-47 High Street, Newton, N.J. 07860
Union County Court House, 2 Broad Street, Elizabeth, N.J. 07207
Warren County Courthouse, 2nd & Hardwick Street, Belvidere, N.J. 07823

| | LEGAL AID OFFICES | LEGAL SERVICES OFFICES |
|---|---|---|
| Atlantic County | (609) 348-4200 | (609) 345-3444 |
| Bergen County | (201) 487-2166 | (201) 488-0044 or 692-1011 |
| Burlington County | (609) 261-1088 | (609) 261-4862 |
| Camden County | (609) 964-1002 | (609) 964-4520 |
| Cape May County | (609) 465-3001 | (609) 463-0313 |
| Cumberland County | (609) 692-2400 | (609) 692-6207 |
| Essex County | (201) 622-1513 | (201) 622-6207 |
| Gloucester County | (609) 848-5360 | (609) 848-4589 |
| Hudson County | (201) 792-6363 | (201) 798-2727 |
| Hunterdon County | (908) 782-7979 | (908) 735-2611 |
| Mercer County | (609) 695-6249 | (609) 890-6200 |
| Middlesex County | (732) 249-7600 | (732) 828-0053 |
| Monmouth County | (732) 747-7400 | (732) 431-5544 |
| Morris County | (201) 285-6911 | (201) 267-5882 |
| Ocean County | (908) 341-2727 | (908) 240-3666 |
| Passaic County | (201) 345-7171 | (201) 278-9223 |
| Salem County | (609) 451-0003 | (609) 678-8363 |
| Somerset County | (908) 231-0840 | (908) 685-2323 |
| Sussex County | (201) 383-7400 | (201) 267-5882 |
| Union County | (908) 527-4769 | (908) 353-4715 |
| Warren County | (908) 475-2010 | (908) 267-5882 |

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: CK  CG  CA

CHG/CK.NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| David Sapiro, Esq. | 732 613-8000 | Middlesex |

MIDDLESEX COUNTY

FIRM NAME (if applicable)
Sapiro & Gottlieb

DOCKET NUMBER (When available)
L-2808-07

OFFICE ADDRESS
One Auer Court
East Brunswick, N.J. 08816

DOCUMENT TYPE
Verified Complaint

JURY DEMAND  ☐ YES  ☒ NO

NAME OF PARTY (e.g., John Doe, Plaintiff)
Norman Moore, et al.

CAPTION
Norman Moore, individually and on behalf of
A.C.T. International Apparel Group Inc., a
New Jersey Corporation

CASE TYPE NUMBER
(See reverse side for listing)  599

IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING
YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?  ☐ YES  ☒ NO    IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING
ANY PARTIES (arising out of  ☐ YES  ☒ NO
same transaction or occurrence)?

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☒ BUSINESS |
|---|---|---|

DOES THE STATUTE GOVERNING THIS
CASE PROVIDE FOR PAYMENT OF FEES  ☐ YES  ☒ NO
BY THE LOSING PARTY?

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED
DISPOSITION:

DO YOU OR YOUR CLIENT NEED
ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO

IF YES, PLEASE IDENTIFY THE
REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO

IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE

Revised effective 09/2008, CN10517

**SAPIRO & GOTTLIEB**
ATTORNEYS AT LAW
ONE AUER COURT
EAST BRUNSWICK, N.J. 08816
(732) 613-8000
ATTORNEYS FOR PLAINTIFFS

FILED & RECEIVED #2
2007 MAR 12 A 10 41
CIVIL         OFFICE
MIDDLESEX COUNTY

| | |
|---|---|
| PLAINTIFFS | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| NORMAN MOORE individually and on | : MIDDLESEX COUNTY |
| behalf of A.C.T. INTERNATIONAL | : |
| APPAREL GROUP INC., a New Jersey | : DOCKET NO. L-2808-07 |
| Corporation | : |
| | : CIVIL ACTION |
| vs. | : |
| | : VERIFIED COMPLAINT |
| DEFENDANTS | : |
| | : |
| SHA LI, LAUREN JIA TAN | : |
| (a/k/a LAUREN TAN) and LINGERIE | : |
| INTERNATIONAL CO., LTD. | : |

Plaintiff, Norman Moore residing at 1714 Barclay Boulevard, Princeton, New Jersey by way of Complaint against the Defendants above says:

<u>FACTS COMMON TO ALL COUNTS</u>

1. On or about November 22, 1994 A.C.T. International Apparel Group Inc. (hereinafter referred to as the "Corporation") filed a Certificate of Incorporation with the State of New Jersey.

2. At all relevant times herein, Plaintiff Norman Moore and Defendant Sha Li have each been owners of fifty percent of the capital stock of the Corporation.

3. The Corporation has been in the business of importing lingerie from China and selling the same to retailers in the United States.

4. Prior to August of 2005, the Corporation availed itself of the services of Dalian Associates in China as the export company to obtain merchandise

from the manufacturer and arrange to ship the same to the United States;

5. On or about August 2005, the Corporation switched export companies. The Corporation stopped doing business with Dalian Associates and began using Defendant Lingerie International Co., Ltd. hereinafter referred to as "Lingerie" to act as the export company for the Corporation. Defendant Lingerie is owned and operated by Defendant Sha Li's sister Lina.

6. Defendant Lingerie had an agreement with the Corporation to charge the corporation the actual cost of the merchandise. In contravention of this agreement, Defendant Lingerie overcharged the Corporation for the merchandise which had purchased.

7. Defendant Lingerie had an agreement with the Corporation to charge the Corporation the actual cost of freight. In contravention of this agreement, Defendant Lingerie overcharged the Corporation for freight.

8. Defendant Lingerie had an agreement with the Corporation to pay the Corporation a percentage of rebates received by Defendant Lingerie from the Government of China. In contravention of this agreement, Defendant Lingerie failed to pay any of said rebates to Corporation.

9. As a result of the foregoing, the Corporation encountered cash flow problems.

10. On December 1, 2006 the Defendant Sha Li called the Plaintiff Norman Moore and told him that unless a $60,000.00 payment was made to Defendant Lingerie, merchandise which was in the possession of Defendant Lingerie and manufactured for Lane Bryant, a customer of the Corporation would not be shipped.

11. The Corporation employed the Defendant Lauren Jia Tan (a/k/a Lauren

Tan). The said Defendant is the niece of the Defendant Sha Li and the daughter of Defendant's sister Lina who owns and operates Defendant Lingerie in China.

12. On December 4, 2006 Plaintiff learned that Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) had cleaned out their offices and left the Corporation without any warning.

13. On December 12, 2006 Defendant Sha Li's sister in China sent an email to Lane Bryant as attached hereto as Exhibit A.

14. Defendant Lingerie did not have the email address of Lane Bryant. That information was provided to Defendant Lingerie International by either or both of the Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan).

15. On December 12, 2006 an email was sent to customers of the Corporation. A copy of said email is attached hereto as Exhibit B. The email indicated that the said Defendant Lauren Jia Tan (a/k/a Lauren Tan) is now an employee of the Defendant Lingerie.

16. Defendant Lingerie conspired with Defendant Sha Li to cause the business of the Corporation to fail.

17. Defendant Lingerie entered into improper competition with the Corporation.

## FIRST COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common to All Counts.

2. The Defendant Sha Li conspired with her sister in China and with Defendant Lingerie and the said Defendants have breached their fiduciary duty to the Corporation.

3. The Defendant Sha Li has misused her position in the Corporation for private advantage.

4. The Defendants Sha Li and Lingerie have wrongfully conspired to damage the business of the Corporation.

WHEREFORE, Plaintiffs demand Judgment against the Defendants Sha Li and Lingerie for damages, compensatory and punitive together with counsel fees and costs.

## SECOND COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts and the First Count herein.

2. The actions of the Defendant Sha Li are an intentional attempt on her part to acquire a corporate opportunity for her own private advantage.

3. Said Defendant Sha Li is attempting to cause the corporation to lose substantial business with the intention of taking over that business for herself.

WHEREFORE, Plaintiffs demand Judgment against the Defendant Sha Li for damages, compensatory and punitive together with counsel fees and costs.

## THIRD COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts and the First and Second Counts herein.

2. The Defendant Sha Li has conspired to prevent the Corporation from going forward with its business.

3. The actions of the Defendant Sha Li are unreasonable and are a violation of her duties to the Corporation.

WHEREFORE, Plaintiffs demand Judgment against the Defendant Sha Li for damages, compensatory and punitive together with counsel fees and costs.

## FOURTH COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts and the First, Second and Third Counts herein.

2. Defendant Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) as employees of the Corporation owe the Corporation duty of loyalty.

3. The said Defendants have breached their duty of loyalty causing damage to the Corporation.

WHEREFORE, Plaintiffs demand Judgment against the Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) for damages, compensatory and punitive together with counsel fees and costs.

## FIFTH COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts and the First, Second, Third and Fourth Counts herein.

2. The Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) by their actions have breached their trust obligations to the Corporation.

3. As a result of Defendants breach of trust, Plaintiff has sustained damages.

WHEREFORE, Plaintiffs demand Judgment against the Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) for damages, compensatory and punitive together with counsel fees and costs.

## SIXTH COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts and the First, Second, Third, Fourth and Fifth Counts herein.

2. Defendant Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) had an obligation of good faith dealing in any dealings they had on behalf of the Corporation. The said Defendants have violated their duty to act in good

faith and as a result the Plaintiffs have been damaged.

3.  The Defendant Lingerie has violated its duty to act in good faith and as a
    result the Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand Judgment against the Defendants Sha Li, Lauren Jia Tan (a/k/a Lauren Tan) and Lingerie for damages, compensatory and punitive together with counsel fees and costs.

### SEVENTH COUNT

1.  Plaintiffs repeat all of the paragraphs of the Facts Common to All Counts
    and the First, Second, Third, Fourth, Fifth and Sixth Counts herein.

2.  Defendant Sha Li fraudulently induced the Corporation to switch exporters
    from Dalian Associates to Defendant Lingerie.

3.  Defendant Sha Li and Defendant Lingerie have conspired to refuse to ship
    merchandise belonging to the Corporation to the United States in an effort
    to cause the Corporation substantial damage with the intent of taking over
    the Corporation's business and customers.

4.  Plaintiffs have relied upon the fraud of the Defendants Sha Li and Lingerie
    to Plaintiffs damage.

WHEREFORE, Plaintiffs demand Judgment against the Defendants Sha Li and Lingerie for damages, compensatory and punitive together with counsel fees and costs.

### EIGHTH COUNT

1.  Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts
    and the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts
    herein.

2.  The actions of the Defendants Sha Li, Lauren Jia Tan (a/k/a Lauren tan)

and Lingerie are an attempt to maliciously interfere with contractual relationships of the Plaintiff.

3. As a direct and proximate result of the foregoing, the Corporation has sustained damages.

WHEREFORE, Plaintiffs demand Judgment against the Defendants Sha Li, Lauren Jia Tan (a/k/a Lauren Tan) and Lingerie for:

a. Damages, compensatory and punitive together with counsel fees and costs.

b. Enjoining the Defendant Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) from illegally competing with the Corporation;

c. Enjoining the Defendant Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) from making any negative comments either orally or in writing concerning the Corporation;

d. Enjoining the said Defendants from having any contact with the Corporation's present customers.

### NINTH COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts and the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts herein.

2. In the course of their employment by the Corporation, both Defendants have been privy to confidential information and trade secrets of the Corporation. Defendants have threatened to disclose this confidential information and the trade secrets to their benefit and to the detriment of the Corporation.

WHEREFORE, Plaintiffs demand Judgment against the Defendants Sha Li and Lauren Jia Tan (a/k/a Lauren Tan) for;

a. Damages, compensatory and punitive together with counsel fees and costs.

b. Enjoining the Defendants from disclosing to any third party any confidential information or trade secrets belonging to the Corporation which came into their possession as an employee of the Corporation.

## TENTH COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common To All Counts and the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts herein.

2. Defendant Lingerie has fraudulently overcharged the Corporation for the cost of the merchandise, has overcharged the Corporation for the cost of freight, and has failed to pay over to the Corporation's percentage of tax rebates received by the Defendant Lingerie from the Government of China.

WHEREFORE, Plaintiffs demand Judgment against the Defendant Lingerie for:

a. Damages, compensatory and punitive together with counsel fees and costs.

## ELEVENTH COUNT

1. Plaintiffs repeat all of the paragraphs of the Facts Common to All Counts and the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts herein.

2. Defendants Sha Li and Lauren Jai Tan (a/k/a Lauren Tan) have unlawfully taken possession of property belonging to the Corporation to which they have no right of possession.

WHEREFORE, Plaintiffs demand Judgment against the Defendant Lingerie for:

a. Damages, compensatory and punitive together with counsel fees and costs.

b.  Directing the said Defendants to return any corporate property in

their possession to the Corporation.

SAPIRO & GOTTLIEB
Attorneys for Plaintiffs

By:_____
DAVID SAPIRO

Dated:  March 9, 2007

I hereby certify that the statements contained in the foregoing Complaint are true. I further certify that I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:  March 9, 2007

NORMAN MOORE

**SAPIRO & GOTTLIEB**
ATTORNEYS AT LAW
ONE AUER COURT
EAST BRUNSWICK, N.J. 08816
(732) 613-8000
ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| PLAINTIFFS | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| NORMAN MOORE individually and on | : MIDDLESEX COUNTY |
| behalf of A.C.T. INTERNATIONAL | : |
| APPAREL GROUP INC., a New Jersey | : DOCKET NO. |
| Corporation | : |
| | : CIVIL ACTION |
| vs. | : |
| | : CERTIFICATION OF FACSIMILE |
| DEFENDANTS | : SIGNATURE |
| | : |
| SHA LI, LAUREN JIA TAN | : |
| (a/k/a LAUREN TAN) and LINGERIE | : |
| INTERNATIONAL CO., LTD. | : |

I, DAVID SAPIRO, ESQ., of full age, hereby certifies according to law as follows:

1. I am an attorney for Sapiro & Gottlieb, Attorneys for the Plaintiffs in connection with the above entitled matter.

2. The Certification of Norman Moore annexed hereto is being filed with a facsimile of the original signature since Norman Moore was not available to sign the Certification.

3. Norman Moore acknowledged the genuineness of his signature to me on March 9, 2007, which document was sent via facsimile to him, executed by him and returned to me via facsimile.

4. The document or a copy with an original signature will be filed, if requested, by the Court or the Defendants.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SAPIRO & GOTTLIEB
Attorneys for Plaintiffs

By: _____
DAVID SAPIRO

Dated: March 9, 2007



MIDDLESEX COUNTY SUPERIOR COURT
P O BOX 2633
1 JFK SQUARE
NEW BRUNSWICK    NJ 08903

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 981-3301
COURT HOURS

DATE:    MARCH 13, 2007
RE:      MOORE NORMAN VS LI SHA
DOCKET:  MID L -002808 07

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS    300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON BRYAN D. GARRUTO

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (732) 981-3301.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: DAVID SAPIRO
SAPIRO & GOTTLIEB
ONE AUER COURT
EAST BRUNSWICK    NJ 08816

JUMFRE0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SHA LI,

                             Plaintiff,

    -vs-

NORMAN MOORE, KARAN SINGH, and
A.C.T. INTERNATIONAL APPAREL GROUP, INC.

                             Defendants.
-------------------------------------------------------------------------X

JUDGE CEDARBAUM

Index No.: 07cv4811

## **VERIFICATION**

NORMAN MOORE, being duly sworn, deposes and says:

I am an individual Defendant in the within action. I have read the foregoing documents entitled Verified Answer, Counterclaims and Cross Claims and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief; and as to the matters I believe to be true.

_____
NORMAN MOORE

Sworn to before me this
___ day of July, 2007

_____
Notary Public

HARLAN M. LAZARUS
Notary Public, State of New York
No. 31-4723982
Qualified in New York County
Commission Expires February 28, 20 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SHA LI,                                               :          Judge Cedarbaum

                Plaintiff,               :          Civil No. 07 CV 4811

        v.                                      :

NORMAN MOORE, KARAN SINGH, and A.C.T.                  :
INTERNATIONAL APPAREL GROUP, INC.;                     :

              Defendants.              :

------------------------------------------------------------ X

**VERIFIED ANSWER, COUNTERCLAIMS**
**AND CROSS CLAIMS OF NORMAN MOORE**

**LAZARUS & LAZARUS, P.C.**
240 Madison Avenue, 8th Floor
New York, New York  10016
(212) 889-7400

To                                        Service of a copy of the within is hereby admitted.

                          Dated:...................................          .........

Attorney(s) for                           .........................................................................