UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SHA LI,                                              Case No.  07-cv-04811-MGC

                         Plaintiff,

        -against-                                    **VERIFIED ANSWER,**
                                                     **COUNTERCLAIMS**
NORMAN MOORE, KARAN SINGH, and                       **AND CROSS-CLAIMS**
A.C.T. INTERNATIONAL APPAREL GROUP,
INC.,

                         Defendants.
-----------------------------------------------------------X

        The defendant Karan Singh ("Singh"), by substituted counsel Sweeney, Gallo, Reich & Bolz,

LLP, in response to the Verified Complaint dated June 5, 2007 (the "Complaint"), and for his

Verified Answer, Counterclaims and Cross-Claims, respectfully alleges and sets forth the following:

        1.    In response to the allegations set forth in the paragraph numbered "1" of the Complaint,

Singh denies knowledge and information with regard to the assertions made against the co-defendant

Norman Moore ("Moore"), and further denies each and every allegation made against Singh, as if

such allegations were set forth at length herein, and further denies any act, conduct, or omission on

Singh's part giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

        2.    In response to the allegations set forth in the paragraph numbered "2" of the Complaint,

Singh denies knowledge and information with regard to the assertions made against Moore, and

further denies each and every allegation made against Singh, as if such allegations were set forth at

length herein, and further denies any act, conduct, or omission on Singh's part giving rise to any

liability, claim or cause of action to or for the benefit of the plaintiff.

3.  In response to the allegations set forth in the paragraph numbered "3" of the Complaint, Singh denies each an every allegation as if set forth at length herein, and further denies knowledge and information with regard to the each and every assertion made against Moore, and further denies any act, conduct, or omission on Singh's part giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

4.  In response to the allegations set forth in the paragraph numbered "4" of the Complaint, Singh denies knowledge and information with regard to each and every assertion made against Moore, and further denies each and every allegation made against Singh as if set forth at length herein, and further denies any act, conduct, or omission on Singh's part giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

## Jurisdiction and Venue

5.  In response to the allegations set forth in the paragraph numbered "5" of the Complaint, Singh denies each an every allegation as if set forth at length herein, and further objects to the jurisdictional allegation as the plaintiff fails to properly allege diversity between the parties

6.  In response to the allegations set forth in the paragraph numbered "6" of the Complaint, Singh denies each an every allegation as if set forth at length herein, and further objects to the jurisdictional allegation, as there is no federal question presented on the face of the Complaint and Singh further denies any act, conduct, or omission  giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

7. In response to the allegations set forth in the paragraph numbered "7" of the Complaint, Singh denies each an every allegation as if set forth at length herein, referring all questions of fact

and issues of law to a court of competent jurisdiction.

## The Parties

8. In response to the allegations set forth in the paragraph numbered "8" of the Complaint, Singh denies knowledge or information sufficient to form a belief as to the allegations set forth therein, referring all issues of fact and conclusions of law to a court of competent jurisdiction.

9. In response to the allegations set forth in the paragraph numbered "9" of the Complaint, Singh denies knowledge or information sufficient to form a belief as to the allegations set forth therein, referring all issues of fact and conclusions of law to a court of competent jurisdiction.

10. In response to the allegations set forth in the paragraph numbered "10" of the Complaint, Singh admits that Singh is a New York resident with a last known address of 31 Amber Lane, Oyster Bay, New York 11771.

11. In response to the allegations set forth in the paragraph numbered "11" of the Complaint, Singh denies knowledge or information sufficient to form a belief as to the allegations set forth therein, referring all issues of fact and conclusions of law to a court of competent jurisdiction.

## Background

12. In response to the allegations set forth in the paragraph numbered "12" of the Complaint, Singh denies knowledge or information sufficient to form a belief as to the allegations set forth therein, referring all issues of fact and conclusions of law to a court of competent jurisdiction, and Singh further denies any act, conduct, or omission  giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff. .

13. In response to the allegations set forth in the paragraph numbered "13" of the Complaint,

Singh denies knowledge or information sufficient to form a belief as to the allegations set forth therein, referring all issues of fact and conclusions of law to a court of competent jurisdiction, and Singh further denies any act, conduct, or omission  giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff. .

14. In response to the allegations set forth in the paragraph numbered "14" of the Complaint, Singh denies knowledge or information sufficient to form a belief as to the allegations set forth therein, referring all issues of fact and conclusions of law to a court of competent jurisdiction; to the extent that Singh entered into a **Stock Purchase Agreement and Shareholders Agreement on March 12, 2007 (collectively referred to as the "Agreement")** with the plaintiff and Moore, under said Agreement both the plaintiff and Moore, joint and severally, represented that the sale of shares for a one-third interest in the corporation, defendant A.C.T. International Apparel Group, Inc. (the Corporation"), was free and clear of all liens, claims, charges, adverse claims or other defects of title of any kind whatsoever, and further represented that there are no actions, suits, or legal proceedings pending or threatened or relating to the Agreement or the transactions described therein, and further represented that there are no action, lawsuits, proceedings against or affecting the Corporation, its properties or assets or the conduct of its business (collectively such representations are hereinafter referred to as the **"Representations"**); and further agreed to indemnify Singh against any mis-representations with respect to any and all claims, liabilities, losses, damages, costs and expenses, including reasonable attorney's fees arising out of or related to any failure, inaccuracy or breach by either the plaintiff or Moore, of any representation, warranty, covenant, obligation agreement made under the Agreement, which indemnity would survive the transaction under the Agreement

– 4 –

(hereinafter such indemnity under the Agreement is hereinafter referred to as the **"Indemnity"**) which Representations and Indemnity survive the closing under the Agreement; and Singh further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff. Copies of the Agreement are annexed hereto as **Exhibit A.**

### Factual Assertions - Defendants' Oppression and Wrongdoing

15. In response to the allegations set forth in the paragraph numbered "15" of the Complaint, Singh denies knowledge or information sufficient to form a belief as to the factual assertions made against Moore, and denies each and every allegation set forth therein as to Singh, referring all issues of fact and conclusions of law to a court of competent jurisdiction; to the extent that Singh entered into the Agreement with the plaintiff and Moore and upon the Representations made and the Indemnity provided, the allegations fail to state a claim upon which relief may be granted; and Singh further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

16. In response to the allegations set forth in the paragraph numbered "16" of the Complaint, Singh denies knowledge or information sufficient to form a belief as to the factual assertions made against Moore, and denies each and every allegation set forth therein as to Singh, referring all issues of fact and conclusions of law to a court of competent jurisdiction; to the extent that Singh entered into the Agreement with the plaintiff and Moore and upon the Representations made and the Indemnity provided, the allegations fail to state a claim upon which relief may be granted; and Singh further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff. A copy of the **Certified Complaint dated March 9, 2007** filed

- 5 -

in the Superior Court of New Jersey (the "**New Jersey Suit**") is annexed hereto as **Exhibit B**.

17. In response to the allegations set forth in the paragraph numbered "17" of the Complaint, Singh denies each and every allegation set forth therein as if set forth at length herein; and upon the plaintiff's own admission, the alleged item "Zip Drive computer storage device" is within the plaintiff's possession, which allegedly belonged to the Corporation and contained business records of the Corporation, and Singh further denies changing the locks on the Corporation's office, and further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

## First Claim for Relief - Breach of Contract

18. The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "17" hereinabove, as if set forth at length herein.

19. The defendant Singh denies each and every allegation contained in paragraph numbered "19" of the Complaint as if set forth at length herein, referring all questions of fact and conclusions of law to a court of competent jurisdiction. The pre-existing claims between the plaintiff and Moore are set out at length in the New Jersey Suit wherein Moore alleges on behalf of the Corporation that the plaintiff or plaintiff's affiliate over-charged for merchandise and freight, and failed to pay the Corporation rebates received overseas, and further, among other things, the plaintiff cleaned out the New York office and left without warning, notified customers, in direct competition with the Corporation, and thereby diverted opportunities belonging to the Corporation; all of which acts, causes or claims preceded Singh's involvement in the Corporation. The plaintiff further represented to Singh, at paragraph 3.19 of the Agreement entitled "Representations and Warranties of the Seller

and Shareholders", that the financial books and records of the Corporation have been maintained consistently in accordance with sound business practices and are accurate and complete in all material respects. The Agreement between the parties, a copy of which is attached hereto, sets forth the agreement that in the event either the plaintiff or Moore breach any material warranty, representation, covenant or agreement made by them in the Stock Purchase Agreement, Singh shall have on written notice, the right to terminate the employment of the breaching party with the Corporation and cause the recipient to offer his/her entire stock interest in the Corporation for sale; the plaintiff alleges claims against Singh arising from undisclosed, pre-existing claims against Moore or the Corporation, in breach of the Representations and Indemnity provided under the Agreement. As of the date of the Agreement, the plaintiff acknowledges that she owes the Corporation approximately $180,000. By reason of the foregoing, the plaintiff is in breach of the Agreement and obligated to perform under the Representations and Indemnity agreements, and such other agreements, as are set forth therein.

20. The defendant Singh denies each and every allegation contained in paragraph numbered "20" of the Complaint as if set forth at length herein. The plaintiff is in breach of the Agreement, and in breach of the Representations and Indemnity which survive the closing, and failed to perform in accordance therewith.

21. The defendant Singh denies each and every allegation contained in paragraph numbered "21" of the Complaint as if set forth at length herein. The plaintiff admits that defendant Singh gave value and a sizeable cash infusion in the sum of $300,000, which has been spent, diverted or pilfered by the plaintiff and co-defendant Moore. Singh has had no access to or control over the

Corporation's banking accounts, and the Agreement evidences that Singh was never granted a power of attorney to said bank accounts relating to the business and operation of the Corporation. Without access or control over the bank accounts, Singh did not cut off plaintiff's salary or benefits, and could not reimburse the plaintiff for her expenses, and therefore did not breach any alleged Agreement related to her compensation. The plaintiff's claims pre-date the Agreement, which undisclosed claims are in breach of the Agreement, the Representations and Indemnity granted under said Agreement.

22. The defendant Singh denies each and every allegation contained in paragraph numbered "22" of the Complaint as if set forth at length herein. By her own admission, the plaintiff owes the Corporation in excess of $180,000, and any declaratory judgment should account for plaintiff's obligations, or indebtedness, to Singh and the Corporation.

### Second Claim for Relief - Declaratory Judgment

23. The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "22" hereinabove, as if set forth at length herein.

24. The defendant Singh denies each and every allegation contained in paragraph numbered "24" of the Complaint as if set forth at length herein, referring all issues of fact and conclusions of law to a court of competent jurisdiction. The Agreement between the parties, a copy of which is attached hereto, sets forth the agreement that in the event either the plaintiff or Moore breach any material warranty, representation, covenant or agreement made by them in the Stock Purchase Agreement, Singh shall have on written notice, the right to terminate the employment of the breaching party with the Corporation and cause the recipient to offer his/her entire stock interest in

the Corporation for sale; the plaintiff alleges claims against Singh arising from undisclosed, pre-existing claims against Moore or the Corporation, in breach of the Representations and Indemnity provided under the Agreement.  As of the date of the Agreement, the plaintiff acknowledges that she owes the Corporation approximately $180,000.  By reason of the foregoing, the plaintiff is not entitled to a declaratory judgment in her favor, and any such judgment should be offset and reduced by the plaintiff's obligations and indebtedness to Singh and the Corporation.

25.  The defendant Singh denies each and every allegation contained in paragraph numbered "25" of the Complaint as if set forth at length herein; and further alleges that the plaintiff is in breach of the Agreement, the Representations and Indemnity that survived the closing, and is indebted to the Corporation far in excess of any award that she may seek.

26.  The defendant Singh denies each and every allegation contained in paragraph numbered "26" of the Complaint as if set forth at length herein; and further alleges that Singh had no access to the Corporation's bank account(s) and no control over her salary or benefits.  The Agreement, which speaks for itself, does not expressly provide for corporate decision-making, referring all questions of fact and conclusions of law to a court of competent jurisdiction.

27.  The defendant Singh denies each and every allegation contained in paragraph numbered "27" of the Complaint as if set forth at length herein; and further alleges that the plaintiff's interest be terminated, retroactive to the date of her first breach, under the Agreement as she is in breach of the Agreement and under the Representations and Indemnity which survive the closing.

### Third Claim for Relief - Injunction

28.  The defendant Singh repeats and reiterates each and every allegation contained in

paragraphs numbered "1" through "27" hereinabove, as if set forth at length herein.

29. The defendant Singh denies each and every allegation contained in paragraph numbered "29" of the Complaint as if set forth at length herein. The Agreement between the parties, a copy of which is attached hereto, sets forth the agreement that in the event either the plaintiff or Moore breach any material warranty, representation, covenant or agreement made by them in the Stock Purchase Agreement, Singh shall have on written notice, the right to terminate the employment of the breaching party with the Corporation and cause the recipient to offer his/her entire stock interest in the Corporation for sale; the plaintiff alleges claims against Singh arising from undisclosed, pre-existing claims against Moore or the Corporation, in breach of the Representations and Indemnity provided under the Agreement. The Agreement further provides in the event of such a breach, the plaintiff acknowledges and agrees that such breach constitutes irreparable injury and harm, whereby the Corporation is entitled to injunctive relief or equitable relief to prevent the plaintiff shareholder's breach. By reason of the plaintiff's acts, misconduct, and her breach under the Agreement, the Representations and Indemnity that survive the closing, the plaintiff is not entitled to injunctive or equitable relief.

30. The defendant Singh denies each and every allegation contained in paragraph numbered "30" of the Complaint as if set forth at length herein, and as previously set forth at length herein the plaintiff is in breach of the Agreement, the Representations and Indemnity that survive the closing and by reason of such conduct, the plaintiff fails to state a claim upon which relief may be granted.

31. The defendant Singh denies each and every allegation contained in paragraph numbered "31" of the Complaint as if set forth at length herein and as previously set forth at length herein the

plaintiff is in breach of the Agreement, the Representations and Indemnity that survive the closing and by reason of such conduct, the plaintiff's interest be terminated retroactive to the date of her first breach.

32. The defendant Singh denies each and every allegation contained in paragraph numbered "32" of the Complaint as if set forth at length herein; and as previously set forth at length herein the plaintiff is in breach of the Agreement, the Representations and Indemnity that survive the closing and by reason of such conduct, the plaintiff fails to state a claim upon which relief may be granted and her interest in the Corporation should be terminated as of the date of her first breach.

### Fourth Claim for Relief - Violation of 18 U.S.C. § 1030

33. The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "32" hereinabove, as if set forth at length herein.

34. The defendant Singh denies each and every allegation contained in paragraph numbered "34" of the Complaint as if set forth at length herein; and further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

35. The defendant Singh denies each and every allegation contained in paragraph numbered "35" of the Complaint as if set forth at length herein; and further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

36. The defendant Singh denies each and every allegation contained in paragraph numbered "36" of the Complaint as if set forth at length herein; and further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

37. The defendant Singh denies each and every allegation contained in paragraph numbered

"37" of the Complaint as if set forth at length herein; and further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

## Fifth Claim for Relief - Violation fo N.Y. Executive Law § 296

38.  The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "37" above, as if set forth at length herein.

39.  The defendant Singh denies knowledge sufficient to form a belief as to each and every allegation contained in paragraph numbered "39" of the Complaint as it relates to co-defendant Moore; and further denies each and every allegation as against Singh or the Corporation.

40.  The defendant Singh denies each and every allegation contained in paragraph numbered "40" of the Complaint as if set forth at length herein; and further denies any act, conduct, or omission giving rise to any liability, claim or cause of action to or for the benefit of the plaintiff.

## Sixth Claim for Relief - Accounting

41.  The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "40" above, as if set forth at length herein.

42.  The defendant Singh denies each and every allegation contained in paragraph numbered "42" of the Complaint as if set forth at length herein, referring all questions of fact and conclusions of law to a court of competent jurisdiction.

43.  The defendant Singh denies each and every allegation contained in paragraph numbered "43" of the Complaint as if set forth at length herein, referring all questions of fact and conclusions of law to a court of competent jurisdiction.

44.  The defendant Singh denies each and every allegation contained in paragraph numbered

"44" of the Complaint as if set forth at length herein, referring all questions of fact and conclusions of law to a court of competent jurisdiction.

## Affirmative Defenses, Counterclaims and Cross-Claims

### First Affirmative Defense, First Counterclaim and First Cross-Claim: Breach of Contract

45. The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "44" above, as if set forth at length herein.

46. The plaintiff is in breach of the Agreement, the Representations and Indemnity, whereby the defendant seeks monetary damages against the plaintiff.

47. The defendant Singh acquired an interest in the Corporation and paid valuable consideration in the sum of $300,000, at a closing held on or about March 12, 2007; which proceeds have since been spent, diverted or pilfered. Singh has received no compensation under the Agreement. At all relevant times, the defendant Singh had no access to the bank accounts of the Corporation, no power of attorney, and no authority to draw on the bank accounts.

48. At a closing held on March 12, 2007, the plaintiff and co-defendant Singh represented and warranted that there were no claims, adverse claims, etc., all as set forth in the Agreement and previously defined herein as the Representations which survive the closing. Co-defendant Moore instituted the New Jersey Suit on or about March 9, 2007, in direct controversy of the Agreement, resulting in a breach of the Representations made therein.

49. The claims or causes alleged herein pre-date the Agreement, and by joining defendant Singh herein, the plaintiff is in breach of the Agreement, the Representations and Indemnity. The Agreement provides in the event of such breach for the termination of the shareholder's interest, and

- 13 -

further provides for Indemnity to the defendant Singh.

50. This action was commenced on or about June 5, 2007, less than 90 days from the date of the Agreement.

51. By reason of the foregoing, the defendant Singh alleges that the plaintiff and co-defendant Moore are in breach of the Agreement, the Representations and Indemnity provisions, and Singh is entitled to damages, on its first counterclaim against the plaintiff, in the sum of $300,000.00, with interest thereon, together with the defendant's fees and costs in the defense of this litigation.

52. By reason of the foregoing, the defendant Singh alleges that the plaintiff and co-defendant Moore are in breach of the Agreement, the Representations and Indemnity provisions, and Singh is entitled to damages, on its first cross-claim against Moore, in the sum of $300,000.00, with interest thereon, together with the defendant's fees and costs in the defense of this litigation.

### Second Affirmative Defense, Second Counterclaim and Second Cross-Claim:

### Fraud; Constructive Trust

53. The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "52" above, as if set forth at length herein.

54. The plaintiff and co-defendant Moore, under the Agreement represented among other things that they would use their best efforts to act together in the management and operation of the Corporation, which is now clear that they failed or refused to perform.

55. By reason of the foregoing, Singh relied on the representations made under the Agreement and gave valuation consideration in the sum of $300,000 to the Corporation, which has

-- 14 --

since been diverted, spent or pilfered, and at all relevant times Singh has never had any access or

authority to draw on the Corporation's bank accounts.

56. The defendant Singh has been defrauded by the plaintiff and co-defendant Moore, by

reason of the existence of undisclosed claims and liabilities between the shareholders, and/or their

affiliates.

57. As and for a second counterclaim against the plaintiff and cross-claim against Moore,

the defendant Singh seeks to impose a constructive trust or priority lien upon the shares of stock held

by the plaintiff and co-defendant Moore in the amount of $300,000, which should be paid upon

termination of their interests and the liquidation of the shares of the Corporation.

### Third Affirmative Defense, Third Counterclaim and Third Cross-Claim:

### Declaratory Judgment; Indemnity

58. The defendant Singh repeats and reiterates each and every allegation contained in

paragraphs numbered "1" through "57" above, as if set forth at length herein.

59. The defendant Singh seeks a declaratory judgment in favor of Singh, adjudging and

decreeing among other things that the defendant Singh is an officer in good standing in the

Corporation, and has all the rights, and benefits under the Agreement to enforce its terms, and is

entitled to Indemnity from the plaintiff, on its counterclaim, and indemnity from the co-defendant

Moore, on its cross-claim; and further entitled to notice the termination of both the plaintiff and co-

defendant Moore, retroactive to the date of their breach, and order the sale of the shares, subject to

an accounting.

60. The defendant Singh seeks Indemnity from the plaintiff and co-defendant Moore, and

an order directing them to pay as and for a personal obligation all of the defendant Singh's legal fees and costs associated with this proceeding.

61. By reason of the foregoing, defendant Singh seeks a declaratory judgment and an order directing the plaintiff and co-defendant Moore to indemnify Singh for all of the fees, costs and expenses incurred herein and in connection with the New Jersey Suit.

**Fourth Affirmative Defense, Fourth Counterclaim and Fourth Cross-Claim:**

**Accounting; Dissolution**

62. The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "61" above, as if set forth at length herein.

63. The defendant Singh seeks an accounting from the plaintiff and co-defendant Moore as to all records, statements, affecting the financial statements and accounts, accounts receivable and payable, all financial and business records or accounts, insurance records, insurance policies or proceeds, all records of the Corporation since and inclusive of the December 31, 2006 fiscal period.

64. To that end, the defendant Singh also seeks an accounting by reason of all Corporation records, including but not limited to accounting records, statements and filings, tax records, statements and filings, and any and all governmental filings in the United States or outside of the United States, e.g., record of rebates due the Corporation, affecting the financial accounts of the Corporation.

65. To that end, the defendant seeks an accounting and judgment in the amount of $300,000 plus compensation from the time of acquisition, together with its fees, costs and expenses, and such

other and further relief as may be just and equitable.

## Fifth Affirmative Defense, Fifth Counterclaim and Fifth Cross-Claim:

## Damages

66.   The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "65" above, as if set forth at length herein.

67.   By reason of the plaintiff and co-defendant Moore wrongful conduct in direct controversy of the Agreement between the parties, and the Representations and Indemnity made therein, Singh has been damaged, far in excess of the consideration paid to the Corporation, which proceeds has been diverted, spent or pilfered.  At all relevant times, the co-defendant Moore has been in control of the Corporation's Florida Warehouse, or property, and since closed out without accounting for same.

68.   By reason of such misconduct, the defendant Singh seeks damages in the sum of $1,000,000, together with interest thereon.

## Sixth Affirmative Defense: Failure to State a Claim Upon Which Relief May be Granted

## Reply to First, Second and Third Cross-Claims of Co-Defendant Moore

69.   The defendant Singh repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "68" above, as if set forth at length herein.

70.   The plaintiff and co-defendant Moore fail to allege claims upon which relief may be granted.

71.  Co-defendant Moore seeks indemnification from the defendant Singh, when the Agreement fails to provide for such entitlement.  Moore instituted an action against the plaintiff on or about March 9, 2007, which claims were undisclosed to Singh.

72.  The defendant Singh gave value of $300,000 to the Corporation, which was immediately diverted, spent or pilfered, and the co-defendant Moore had complete access and control over the bank accounts, no power of attorney was granted Singh.  As to any agreement to loan the sum of $200,000, the Agreement speaks for itself and there was never any binding obligation, which was subject to the plaintiff and Moore indemnity.

73.  Defendant seeks the dismissal of the plaintiff's claims and co-defendant Moore's counterclaims, and such other and further relief as may be just and proper.

**WHEREFORE,** the defendant Singh prays for a judgment as follows:

First Counterclaim for Breach of Contract:  judgment in the amount of $300,000, with interest thereon, together with fees and costs;

Second Counterclaim for Fraud and Constructive Trust:  judgment in the amount of $300,000, with interest thereon, together with fees and costs;

Third Counterclaim for Declaratory Judgment and Indemnity: judgment in the amount of $300,000, with interest thereon, together with fees and costs;

Fourth Counterclaim for Accounting and Dissolution :  judgment in the amount of $300,000, plus compensation from the time of acquisition, together with its fees, costs and expenses, and such

- 18 -

other and further relief as may be just and equitable;

Fifth Counterclaim for Damages: judgment in the amount of $1,000,000, with interest thereon;

First Cross-Claim for Breach of Contract: judgment in the amount of $300,000, with interest thereon, together with fees and costs;

Second Cross-Claim for Fraud and Constructive Trust: judgment in the amount of $300,000, with interest thereon, together with fees and costs;

Third Cross-Claim for Declaratory Judgment and Indemnity: judgment in the amount of $300,000, with interest thereon, together with fees and costs;

Fourth Cross-Claim for Accounting and Dissolution: judgment in the amount of $300,000, plus compensation from the time of acquisition, together with its fees, costs and expenses, and such other and further relief as may be just and equitable;

Fifth Cross-Claim for Damages: judgment in the amount of $1,000,000, with interest thereon.

Defendant Singh prays for a judgment dismissing the Complaint and Cross-Claims, and severing its Cross-Claims, and judgment on its Cross-Claims, and such other and further relief as may be just and proper.

Dated:      Rego Park, New York
            September 13, 2007

                              Yours, etc.,

                              SWEENEY, GALLO, REICH & BOLZ, LLP.


                              By: Rashel M. Mehlman, Esq. (RM7197)
                              Substituted Counsel for defendant Karan Singh
                              95-25 Queens Boulevard, Suite 626
                              Rego Park, New York  11374
                              (718) 459-9000-phone
                              (718) 459-0999-fax

TO:
Herrick Feinstein LLP
2 Park Avenue
New York, New York 10016
Attn: William R. Fried, Esq.

Lazarus & Lazarus, P.C.
240 Madison Avenue
New York, New York 10016
Attn: Harlan M. Lazarus, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHA LI,
                                                                        Case No.  07-cv-04811-MGC

                                Plaintiff,

        -against-                                               **VERIFICATION**

NORMAN MOORE, KARAN SINGH, and
A.C.T. INTERNATIONAL APPAREL GROUP,
INC.,

                                Defendants.
-----------------------------------------------------------X
STATE OF NEW YORK,
COUNTY OF    QUEENS          .

        I, Karan Singh, being duly sworn, depose and say:  I have read the foregoing answer,

counterclaims and cross-claims under the above-entitled matter, and know the contents thereof;

and that the same is true of my own knowledge, except as to the matter therein stated to be

alleged on information and belief, and that as to those matters I believe them to be true.

                                                        Karan Singh

Sworn to before me this
12th day of September, 2007

        NOTARY PUBLIC

        CYNTHIA A. VALE
NOTARY PUBLIC, State of New York
        No. 01VA5013935
    Qualified in Suffolk County
 Commission Expires 7/15/2011

## ATTORNEY CERTIFICATION

RASHEL M. MEHLMAN, ESQ. hereby affirms under the penalties of perjury that she is one of the attorneys for the defendants; that she has read the foregoing Answer, Counterclaims and Cross-Claims and knows the contents thereof; that the same is true to her own knowledge except as to matters stated to be upon information and belief; and as to those matters she believes them to be true. The grounds of her belief as to matters not stated upon his knowledge are statements and/or records provided by the defendants, their agents and/or employees and contained in the file in the attorney's office. This certification is made as the defendant is not in the County of Queens, which is where defendants' attorneys' office is located; a copy of the defendant's verification is attached hereto, an original to be filed by separate cover.

Dated:      Queens, New York
            September 14, 2007

            _____
            RASHEL M. MEHLMAN

12

Case No.   07 CV 4811

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHA LI,

                    Plaintiff,

   - against -

NORMAN MOORE, ET AL.

                    Defendants.

### ANSWER, COUNTERCLAIMS AND CROSS-CLAIMS

SWEENEY, GALLO, REICH & BOLZ, LLP
Attorneys for defendant
Office and Post Office Address, Telephone
95-25 Queens Boulevard, Suite 626
Rego Park, New York  11374
(718) 459-9000

To
Attorney(s) for Plaintiff

Service of a copy of the within      is hereby admitted.
Dated,

                                        Attorney's for

Sir:-Please take notice

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    19

☐ NOTICE OF SETTLEMENT
that an order          of which the within is a true copy will be presented for
settlement to the HON.                    one of the judges
of the within named court, at
on          19  at          M.
Dated,
                         Yours, etc
                         SWEENEY, GALLO,
                         REICH & BOLZ, LLP
                         Office & P.O. Address
                         95-25 Queens Boulevard
                         Suite 626
                         Rego Park, N.Y.  11374
                         (718) 459-9000